IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TARANEH VESSAL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| CHASE BANK USA. N.A., and FREDERICK J. HANNA & ASSOCIATES, P.C. | ) ) ) ) ) |
| Defendants. | ) ) ) |

## COMPLAINT

1. Plaintiff brings this action to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. The Court has federal question jurisdiction over the TCPA claims pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Financial Services, LLC*, U.S. ; 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

3. This Court has personal jurisdiction over defendants and venue is proper because: (1) defendants do or transact business in this District, (2) a substantial part of the events giving rise to plaintiff's claims occurred here, including the receipt of unwanted calls.

## PARTIES

4. Plaintiff Taraneh Vessal is a resident of the Northern District of Illinois.

5. Defendant Chase Bank USA, N.A. ("Chase"), is a federally-chartered corporation with its principal office at 201 North Walnut Street, Wilmington, DE 19801, and numerous locations in Illinois, including 10 South Dearborn Street, Chicago, IL 60670. It is a major issuer and servicer of credit cards.

6. Defendant Frederick J. Hanna & Associates, P.C. ("Hanna"), is a corporation with its principal offices at 1427 Roswell Road, Marietta, GA 30062. It is a law firm which is engaged in debt collection.

1

## FACTS

7. On December 23, 2009, a representative of Chase contacted Plaintiff's cell phone. During that call, plaintiff asked the representative not to call that cell phone number anymore.

8. From May - June 2010, Chase contacted plaintiff at the same cell phone number for the purpose of collecting a credit card debt owed to Chase.

9. Chase placed sixty-two calls to plaintiff's cell phone during that period.

10. On information and belief, Chase placed the calls using an automatic telephone dialing system, as most of the sixty-two calls were hang-ups.

11. Hang-ups of this nature are a characteristic problem of automated dialing equipment. 47 C.F.R, §64.1200(a)(7).

12. The calls were all placed from (847) 488-6100, which is used by Chase Credit Card Collections.

13. Plaintiff had never given Chase her cell phone number, and her home number was the contact information listed on all her accounts with Chase.

14. In June 2010, Plaintiff sent a letter to Chase asking them to stop contacting her on her cell phone.

15. On June 24, 2010, Chase responded by letter that they would cease contacting plaintiff's cell phone. (Exhibit A).

16. Plaintiff sent another letter to Chase on July 5, 2010, asking them to stop contacting her on her cell phone. (Exhibit B).

17. On July 9, 2010, Chase again responded by letter that they would cease contacting plaintiff's cell phone. (Exhibit C).

18. On July 9, 2010, Plaintiff received a letter from Hanna seeking to collect on a debt owed to Chase. (Exhibit D).

19. From July through August 2010, Hanna repeatedly contacted plaintiff for the purpose of collecting credit card indebtedness allegedly owed to Chase.

20. Hanna placed the calls using an automatic telephone dialing system and an artificial or prerecorded voice.

21. Hanna placed the calls to plaintiff's cell phone.

22. The calls were placed from 404-736-2083 and 770-988-9055, both of which were issued to or used by Hanna.

23. The calls were placed on the following dates and times, among others:

   a. July 9, 2010, at 8.57 am;

   b. July 10, 2010, at 11.13 am.

   c. July 12, 2010, at 2.12 pm;

   d. July 15, 2010, at 2.43 pm;

   e. July 17, 2010, at 9.23 am

   f. July 20, 2010, at 11.58 am;

   g. July 21, 2010 at 2.48 pm;

   h. July 23, 2010, at 8.15 am;

   i. July 26, 2010, at 6.04 pm;

   j. July 28, 2010, at 9.16 am;

   k. Aug. 9, 2010, at 12.31 pm to 12.38 pm (3 calls);

   l. Aug. 12, 2010, at 12.50 pm;

   m. Aug. 19, 2010, at 9.25 am;

   n. Aug. 20, 2010, at 8.14 am.

   o. Aug. 26, 2010, at 8.38 am;

   p. Aug. 28, 2010 at 6.41 pm;

   q. Aug. 30, 2010, at 6.41 pm.

24. The 17 or more voicemail messages consisted of three versions. Two of the versions were used for multiple messages, each of which was absolutely identical. The first script was as follows:

This message is for Taraneh Vessal. If you're not Taraneh Vessal, please hang up or disconnect call. Contact Ms. Rivers with the Law Office of Frederick J. Hanna & Associates. 1-866-306-8250 extension 3199. Communication is from a debt collector.

25. The second version was as follows:

This message if for Taraneh Vessal. If this is not Taraneh Vessal, please hang up or disconnect immediately. Please call Ms. Robinson with the Law Office of Frederick J. Hanna & Associates, attorneys at law. 1-866-306-8250 extension 3180. This communication is from a debt collector.

26. There was at least one version with the following text:

This message is for Taraneh Vessal. If this is not Taraneh Vessal, please hang up or disconnect this call immediately. Taraneh, this is Tazzy [phonetic] calling from attorney's office of Frederick J. Hanna, PC. My telephone number is 866-306-8250. My direct extension is 3266. This communication is from a debt collector. Thank you.

27. The multiple, identical versions indicate the use of a prerecorded or automated message.

28. On July 23, 2010, plaintiff sent a letter to Hanna asking that the calls cease. It was received on July 27, 2010. A copy of the letter and certified mail receipt is attached as Exhibit E.

29. The calls did not cease.

30. None of the calls were made for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A)(i).

31. Plaintiff did not provide her cell number to Hanna or Chase.

32. Plaintiff did not otherwise consent to the calls.

33. Chase is liable for the actions of Hanna complained of herein, because Hanna's calls to plaintiff were made on behalf of Chase. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Request of ACA International for Clarification and Declaratory Ruling*, CG Docket No. 02-278, FCC Release 07-232, 23 FCC Rcd 559; 2008 FCC LEXIS 56; 43 Comm. Reg. (P & F) 877, at ¶10 (Jan. 4, 2008).

34. Chase's calls to plaintiff's cellular phone violated 47 U.S.C. §227(b)(1)(A).

35. Hanna's calls to plaintiff's cellular phone violated 47 U.S.C. §227(b)(1)(A).

36. Hanna is a debt collector that regularly collects and attempts to collect debts for

4

Chase.

37. Hanna was retained by Chase to attempt to collect debts allegedly owed to Chase.

38. Hanna placed the calls that are the subject of this lawsuit at the request of, and as an authorized agent of Chase

39. Chase paid Hanna to make the calls that are the subject of this lawsuit.

40. Chase regularly and wilfully engages in improper debt practices, as shown by the fact that on September 18, 2013, Chase entered into a consent order (Exhibit F) with the Comptroller of the Currency and the Consumer Financial Protection Bureau. The order required "Revised policies and procedures to ensure that the Bank's sales of charged-off consumer Accounts are consistent with the OCC's expectations regarding the Bank's debt sales activities as described in any OCC guidance, and shall include, but shall not be limited to, the following: (i) Processes, systems, and controls to ensure the accuracy and integrity of all information provided to any third party in connection with the sale of charged-off debt; (ii) Processes to ensure that appropriate initial and ongoing due diligence is performed on all parties that purchase charged-off debt from the Bank, including an evaluation of the debt buyers' past performance with respect to consumer protection and debt collection laws and regulations and a thorough understanding by the Bank of the scope of the debt buyers' anticipated debt collection activities; (iii) Processes to monitor complaints about debt buyers and any allegations of adverse treatment of debtors by debt buyers; (iv) Processes to ensure notification to customers regarding the sale of their debt to a debt buyer; (v) Processes to ensure that credit bureau reporting is up to date and accurate reflecting the sale or transfer of the debt to a debt buyer; and (vi) Processes to ensure that information provided to debt buyers is sufficient and appropriate for debt collection activities in compliance with federal and state laws and regulations, and to ensure that

procedures are in place for debt buyers to request and receive additional information when necessary, such as during litigation" (par. IV(1)(p)).

41. This order followed revelations in March 2012 by a former Chase executive, Linda Almonte, that debts were sold with inaccurate information. Jeff Horwitz, "*How a Whistleblower Halted JPMorgan Chase's Card Collection,*" American Banker, March 15, 2012. (Exhibit G)

## COUNT I

42. Plaintiff incorporates paragraphs 1-41.

43. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii).

44. "Automatic telephone dialing system" refers to any equipment that has the "*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Servs.*, No. 10 C 2697, 2011 WL 3609012, at *3 (N.D. Ill. Aug. 16, 2011).

45. Hanna's and Chase's equipment had that capacity.

46. Some or all of these autodialed calls were also made using an artificial or pre-recorded voice message.

47. Defendants' violations were willful or, at a minimum, negligent. *See* 47 U.S.C. § 312(f)(1).

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants for:

    i. An award of actual and statutory damages;

  ii.  Costs;

  iii.  Such further and other relief the Court deems reasonable and just.

            <u>s/Daniel A. Edelman</u>
            Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Sharon Goott Nissim
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603-3593
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603-3593
(312) 739-4200
(312) 419-0379 (FAX)